J. H. GILLESPIE, *et al., Appellants,* v. W. F. RIGBY, *Appellee.*

Opinion Filed June 17, 1913.

In a suit to redeem, allegations that the mortgagor has been in continuous possession of the premises before and since the foreclosure sale, and that pending the foreclosure proceedings the mortgage was satisfied of record, show equity, since the continued possession of the mortgagor and the record of the satisfaction of the mortgage pending foreclosure were sufficient notice to put purchasers of the premises upon inquiry.

Appealed from Circuit Court of Manatee County; F. A. Whitney, Judge.

Order affirmed.

*Curry & Circhlow* and *Cary B. Fish,* for Appellants;

*Singletary & Reaves,* for Appellee.

WHITFIELD, J.—A bill of complaint brought by W. F. Rigby alleges in effect that in 1904 he owned certain described land upon which was the lien of a judgment obtained by T. C. Callan against W. P. Pelot, a former owner; that Rigby was and is now in actual possession of the property; that he mortgaged the land to Mary A. Gillespie, wife of J. H. Gillespie, to secure a loan of $700.00; that Mary A. Gillespie died leaving her husband her sole heir at law; that the husband, J. H. Gillespie, was appointed administrator of his wife's estate and as such heir and administrator he was "possessed as sole owner of said mortgage;" that in 1908 J. H. Gillespie as-

signed the mortgage to Mrs. Loretta E. Jones; that Rigby "by means of his labor from time to time paid the interest upon said indebtedness held by J. H. Gillespie;" that in 1911 J. H. Gillespie advised the complainant Rigby "to refuse to pay any further interest or to pay the principal of said indebtedness then held by Mrs. Loretta E. Jones, as assignee, and let Mrs. Jones foreclose her said mortgage, and sell the property under said foreclosure, and in that way relieve the said property from any claim or lien by virtue of the said judgment recovered by T. C. Callan against W. P. Pelot, and your orator thereupon stated to the said defendant that he did not know what was best to do, but that if in the opinion of the said defendant it would be well to let the mortgage be foreclosed, that complainant would rely upon his judgment. The said defendant thereupon advised the complainant not to put in any appearance or in any way resist the foreclosure when he should be served with process, but that he, the said J. Hamilton Gillespie, would look after the matter and protect the interest of the complainant, buying the property at foreclosure sale for complainant if necessary, and would let the complainant know if it should become necessary for him to do anything with reference to the said property or the indebtedness thereon;" that "suit was filed in the name of Mrs. Loretta E. Jones against your orator and his wife, and the said T. C. Callan, for the foreclosure of the said mortgage; that your orator was served with process in said suit in due form, but your orator, believing the said suit to be a bona fide suit brought by Mrs. Jones for the foreclosure of the said mortgage because of the non-payment thereof, and relying implicitly upon the defendant, J. Hamilton Gillespie, to protect his interest as he had promised to do, your orator followed the instructions of said defendant, and did not

enter any appearance in said suit, nor resist the prosecution of the same, but left the protection of his interest to the said defendant and in his hands; that pending said suit, to-wit, on November 26, 1910, Mrs. Loretta E. Jones, by deed of satisfaction in due form, bearing that date, acknowledged full and complete satisfaction and payment of the said mortgage, which said satisfaction was duly recorded;" that after the satisfaction of the mortgage of record a final decree of foreclosure was rendered for $1,122.89, and also for $147.53 for attorney fees, and the mortgage property sold to J. H. Gillespie; that complainant "was not advised by the defendant, J. Hamilton Gillespie, or by any other person and had no actual knowledge or notice of the continuation of said mortgage foreclosure, but continued his possession of said property and the use of the same, relying always and implicitly upon the said defendant to look after his interest as hereinabove stated; that your orator had no actual knowledge of what had occurred, and had no intimation of any unfair dealings toward him, until about the month of December, 1911, when your orator was informed that the said property was claimed by one, Owen Burns, also a defendant in this cause; that the defendant J. Hamilton Gillespie had before that time moved from Sarasota to his present home in Scotland, so that your orator could not see him, but your orator began an investigation of the circumstances and condition of his title to said property, and after a full and thorough investigation, finds that on May 23, 1910, the said J. Hamilton Gillespie undertook to convey the said property by warranty deed to the defendant, Owen Burns, which said warranty deed was filed for record on May 26, 1910, and now appears of record in Manatee County, Florida, in Book No. 19, at page

242; and that after obtaining said Master's deed, as hereinabove alleged, the said defendant, J. Hamilton Gillespie, by a second warranty deed dated March 31, 1911, again undertook to convey the said property to Owen Burns, which said deed was filed for record on April 8, 1911, and now appears of record in Book 25, at page 121 of the Public Records of Manatee County, Florida. And by deed dated February 14, 1912, the said Owen Burns undertook to convey said property to the defendant, Stanley A. Weida, which said deed was filed for record on February 14, 1912, and now appears of record in Deed Book No. 30, at page 14, of the Public Records of Manatee ·County, Florida. Your orator is informed by the said Mrs. Loretta E. Jones, and upon information and belief alleges the truth that she did not institute the said suit for foreclosure, that she had nothing to do therewith and had no knowledge thereof, and that she 'did not know and had never known that such a suit was instituted and the property sold thereunder, until she was so informed by your orator during the month of June, 1912. · And your orator alleges that the bringing of said suit, and the means adopted to prevent your orator's entering a defense thereto, or paying the indebtedness upon which the same purported to be based, has worked a fraud upon your orator, and by said means the said defendants have undertaken to deprive your orator of his legal title to said property and all of his right and claim therein and thereto. That to proceed with a foreclosure of said mortgage after the complainant has been paid and had entered a satisfaction thereof of record in said Manaatee County, Florida, without notifying the court thereof, which the complainant · alleges to be true, was a fraud upon the court as well as upon your orator, and the said defendant, Owen Burns and Stanley A. Weida, are charg-

able with the knowledge thereof;" that the property was sold for non-payment of taxes and a tax deed thereto acquired by J. H. Gillespie, but for stated reasons such tax deed is void; that complainant is in actual possession of the land and offers to do equity. The prayer in effect is for a cancellation of deeds alleged to be void, and for a right to redeem and to do equity as may be decreed. A demurrer to the bill of complaint was overruled and the defendants appealed.

It is contended that there is no equity in the bill, especially as against the defendant Stanley A. Weida, who it is argued is a bona fide purchaser for value and without notice of the equities asserted by the complainant Rigby.

As the complainant has been in continuous possession of the premises before and since the foreclosure sale, and as the satisfaction of the mortgage on the record pending the foreclosure proceedings was constructive notice to all persons dealing with the title to the land, Weida as a purchaser of the land must be held to notice of the possession of the mortgagor long after the foreclosure sale and of the recorded instruments affecting the title, and consequently it does not clearly appear that there is no equity in the bill even as against Weida. There is a sufficient showing of equity in favor of the complainant to require a response to the facts alleged, therefore the order overruling the demurrer to the bill of complaint is affirmed.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL AND HOCKER, J. J., concur.